UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALLIED IRISH BANKS, p.l.c.,                              :

        Plaintiff,                  :        03 Civ. 3748 (DAB) (GWG)

  -v.-                                                :        OPINION AND ORDER

BANK OF AMERICA, N.A. and                         :
CITIBANK, N.A.,
                                                           :

        Defendants.                :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      On March 26, 2008, this Court issued an Opinion and Order granting in part and denying in part a motion by defendant Bank of America to compel non-party PricewaterhouseCoopers International ("PwCIL") to produce certain documents. See Allied Irish Banks, p.l.c. v. Bank of Am., N.A., 2008 WL 783544, at *13 (S.D.N.Y. Mar. 26, 2008) (the "Opinion"). PwCIL has now moved for reconsideration of part of that Opinion. For the reasons stated below, PwCIL's motion for reconsideration is denied.

Background

      The Opinion held that PwCIL could not invoke the common interest doctrine to prevent the production of certain communications between PwCIL and various member firms within its network. Allied Irish Banks, 2008 WL 783544, at *9. The Court found that PwCIL had failed to meet the elements of the common interest doctrine for two reasons: first, it found that the doctrine only applied to legal advice "in pending or reasonably anticipated litigation," id. at *8, and that no such litigation was pending or anticipated, id. at *9. It noted in the alternative that "the only interest that is alleged to be common among PwCIL and the member firms is their defense of potential claims against them relating to the Allfirst fraud," and that if PwCIL "did

not reasonably anticipate any claims against it, there would be no common interest." Id. at *8.

Law Governing Motions for Reconsideration

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, "[a] motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." Lent v. Fashion Mall Partners, L.P., 243 F.R.D. 97, 98 (S.D.N.Y. 2007) (citations omitted). "[A] party may not advance new facts, issues or arguments not previously presented to the Court." Davey v. Dolan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007) (citation and internal quotations marks omitted) (alteration in original). Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and internal quotation marks omitted). The reconsideration rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (citation and internal quotation marks omitted). A narrow application of the rule not only "helps to ensure the finality of decisions" but also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Id. (citation and internal quotation marks omitted). Nevertheless, reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence or an intervening change in the controlling law. See Virgin Atl. Airways, Ltd. v. Nat'l

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.), cert. denied, 506 U.S. 820 (1992).

Discussion

PwCIL argues that the Court should reconsider its holding that PwCIL cannot invoke the common interest doctrine for the documents at issue. PwCIL first argues that the Court erred in construing New York's common interest doctrine as requiring a showing of actual or reasonably anticipated litigation. See Non-Party PricewaterhouseCoopers International Limited's Memorandum of Law in Support of Motion for Reconsideration, filed Apr. 9, 2008 (Docket # 95) ("PwCIL Mem."), at 2-13. Notably, PwCIL – which had the burden of showing it met the elements of the common interest doctrine – did not previously brief the question of what kind of legal interest must be shown to invoke New York's common interest doctrine. Indeed, its brief cited exclusively to federal cases. See Non-Party PricewaterhouseCoopers International Limited Response to Bank of America, N.A.'s Motion to Compel the Production of Documents, filed Aug. 30, 2007 (Docket # 71) ("Aug. Br."), at 16-20. Thus, it has failed to show that the Court overlooked precedent "that [was] presented to it on the underlying motion." Lent, 243 F.R.D. at 98.

It is not necessary to rely on these grounds, however, to dispose of the motion. Turning to the merits, the Court has reviewed the New York cases now cited by PwCIL, see Am. Re-Ins. Co. v. U.S. Fid. & Guar. Co., 40 A.D.3d 486 (1st Dep't 2007); U.S. Bank Nat'l Ass'n v. APP Int'l Fin. Co., 33 A.D.3d 430 (1st Dep't 2006); 330 Acquisition Co., L.L.C. v. Regency Sav. Bank, F.S.B., 12 A.D.3d 214 (1st Dep't 2004). None of them settles the question of whether New York's common interest doctrine has a litigation requirement. Certainly, none of them holds with any clarity that New York's common interest doctrine applies to matters unrelated to

litigation or anticipated litigation. Nonetheless, the Court recognizes that the question of whether non-litigation-related matters may constitute a "common interest" under New York law is unsettled. Accordingly, we will assume <u>arguendo</u> that New York law would not require that the common interest doctrine be based upon actual or anticipated litigation.

Even accepting this assumption, however, the motion to reconsider will not be granted. In its brief (and as was noted in the Opinion), the only interest PwCIL alleged it had in common with its member firms was their mutual interest "in first avoiding and then defending the PricewaterhouseCoopers network and brand from the potential legal claims that could be brought against it as a result of the Allfirst fraud." Aug. Br. at 16; <u>accord</u> <u>id.</u> (PwCIL was "facing common claims" with its member firms). When Bank of America argued that the common interest doctrine did not apply because, <u>inter</u> <u>alia</u>, PwCIL in fact "was not a potential defendant," <u>id.</u> at 17, PwCIL did not counter this argument by asserting that it did not need to show that it anticipated litigation or had some other interest in common with these firms. Instead, it argued that it "reasonably and realistically anticipated that it, along with its member firms, could be named defendants in lawsuits related to the Allfirst fraud." <u>Id.</u> No other common "legal" interest was articulated.

PwCIL now points to a declaration submitted as part of its motion that offered as a common legal interest: "ensur[ing] that any [legal] claims would not adversely affect the PricewaterhouseCoopers brand." Declaration of Lawrence W. Keeshan, filed Aug. 30, 2007 (Docket # 69), ¶ 23. While the Court wonders if this statement of PwCIL's common interest is any different from the interest articulated in PwCIL's brief, to the extent it is any different, the Court rejects reliance on it because it was not presented to the Court as part of the arguments

4

made in PwCIL's memorandum of law.

PwCIL also argues that to the extent the Court could properly adopt an "anticipation of litigation" requirement, the requirement should comprise only an objective and not a subjective test. PwCIL Mem. at 13-14. In its original brief, however, PwCIL made no such argument but instead argued that it "reasonably and realistically anticipated" litigation. Aug. Br. at 17. To show that it had anticipated the ligation, it incorporated by reference its arguments addressing the work product doctrine's anticipation-of-litigation requirement. See id. (in which PwCIL refers to arguments "explained above"). Accordingly, the Court rejects PwCIL's argument that there is no subjective component to the test because the argument was made for the first time on the motion for reconsideration.

Finally, PwCIL argues that the record before the Court established that PwCIL actually anticipated litigation against itself. PwCIL Mem. at 15-16. The Court already considered and rejected this precise argument and explained its reasoning in the Opinion. See Allied Irish Banks, 2008 WL 783544, at *8-9. Nothing presented in the motion provides a basis for revisiting the result previously reached.

Conclusion

PwCIL's motion for reconsideration (Docket # 94) is denied.[1]

SO ORDERED.

---

[1] PwCIL's motion notes that the Opinion did not acknowledge PwCIL's apparent desire to claim protection under the common interest doctrine for Document ## 18, 29-30, 37, and 49 of the Revised Privilege Log (document numbers that were omitted from a footnote in which PwCIL seemed to list the documents for which it was claiming protection). The Court will permit inclusion of these documents as the subjects of PwCIL's motion and modifies its Opinion to reject protection for these documents inasmuch as the reasoning of the Opinion and the instant decision applies equally to these documents.

5

Dated: June 11, 2008
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Dated: June 11, 2008
      New York, New York

                                          GABRIEL W. GORENSTEIN
                                          United States Magistrate Judge